Kohn *vs.* Lovett.

---

MORRIS KOHN, plaintiff in error, *vs.* GREEN B. LOVETT, defendant in error.

If a meritorious bill of exceptions be dismissed here because of a mistake made by the certifying Judge and without the fault of counsel, equity will restrain the enforcement of the judgment thus affirmed till the matters set up in the dismissed bill of exceptions can be heard.  (R.)

Mistake.  *Res adjudicata.*  Before Judge HARVEY.  Floyd county.  July, 1871.

After Kohn's bill of exceptions was dismissed, for the reasons stated in the last case, *ante,* the *remittitur* from this Court affirming the judgment, was made the judgment of the Court below, a *fi. fa.* was issued and was proceeding against Scott.  Kohn filed his bill averring the facts to show

that there was merit in his cause; that the date of the cer-
tificate was not when the Judge did sign it; that he failed
to date it correctly by mistake or oversight, and that this
was unknown to his counsel till too late to have it corrected,
under the rules of this Court; and he stated facts going to
show that his counsel was free from *laches*, to-wit: that he
wrote and dated the certificate, supposing the Judge would
sign it that day; that the Judge went away without doing
so, but subsequently signed it, without changing the date,
and handed it to counsel, who did not look at it, (being in
haste), but, supposing it was right, filed it in office, with the
acknowledgement of service upon it, and subsequently was
prevented from suing it because Lovett's counsel took the
copy from the Clerk's office and the original was in this
Court, etc.

Lovett answered the bill, stating facts tending to show
that there was no merit in the cause, and that the failure to
get the certificate properly dated at the time, or subsequently
corrected in time, was owing to the *laches* of Kohn's counsel,
and resisted the injunction because of these matters, and be-
cause the cause was *res adjudicata*.

The Court refused to continue the injunction, and that is
assigned as error.

DUNLAP SCOTT, for plaintiff in error.

UNDERWOOD & ROWELL, for defendants.

LOCHRANE, Chief Justice.

A bill of exceptions in this case was dismissed, by reason
of the date in the Judge's certificate. The complainant in
this bill, who was plaintiff in error, filed his bill to enjoin
the collection of the judgment, and for a new trial, and al-
leged the mistake of the Judge presiding at the trial, in the
date of the certificate to the bill of exceptions, which had
been dismissed on this ground only, that there was no neg-
ligence on the part of counsel, etc., and presented a merito-

rious case for the consideration of the Court.    The presiding Judge then granted a temporary injunction, but upon the hearing, dissolved it, and this is the error we are called upon to review.

We are of opinion the Court erred in not retaining the injunction.    Courts of equity are open to grant relief in cases of great injustice and wrong, arising from mistake without negligence and fault upon the part of counsel or parties. The dismissal of the case was owing to the misdate of the Judge in his certificate.    It was the duty of the Judge to have put the correct date.    The fault was not one for which the law should punish parties, and for which, under the rules, the case was dismissed.    It was not beyond the reach of a Court of equity to interpose and take jurisdiction of the parties and subject matter, and if it appeared there was merit in the case, and injustice would result from the act or mistake of the Judge in the premises, it was the duty of a Court of equity to enjoin the collection of the judgment, and stay proceedings until a fair and full hearing upon the merits had been had.

Judgment reversed.